**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

WILLIAM PATRICK GARIBAY

Case No. 3:16-bk-30110-SHB

Debtor

SELECTIVE INSURANCE COMPANY OF
AMERICA

Plaintiff

v.

Adv. Proc. No. 3:16-ap-3016-SHB

WILLIAM PATRICK GARIBAY

Defendant

## **M E M O R A N D U M**

**APPEARANCES:**   MANIER & HEROD
Jeffrey S. Price, Esq.
Jarrod Stone, Esq.
1201 Demonbreun Street
Suite 900
Nashville, Tennessee  37203
Attorneys for Plaintiff

WILLIAM E. MADDOX, JR., LLC
William E. Maddox, Jr., Esq.
P.O. Box 31287
Knoxville, Tennessee  37930
Attorney for Defendant

**SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE**

Before the Court is Plaintiff's Third Motion for Discovery Sanctions ("Third Motion") [Doc. 55], by which the plaintiff asks the Court to enter an order striking the debtor-defendant's defenses and entering default judgment in the plaintiff's favor as a sanction for the debtor-defendant's failure to respond to the plaintiff's discovery requests even after the Court compelled such responses on March 29, 2017.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In this adversary proceeding, the plaintiff, Selective Insurance Company of America ("Plaintiff"), seeks a determination of non-dischargeability under 11 U.S.C. § 523(a)(4) against the debtor-defendant, William Patrick Garibay ("Defendant"), because of a breach of fiduciary duty owed to Plaintiff with regard to the proceeds of construction contracts on which Plaintiff issued surety bonds. [Doc. 11.]  Plaintiff filed its complaint on April 18, 2016 [Doc. 1], and counsel for Defendant filed a motion to dismiss, which was denied after Plaintiff timely filed an amended complaint [Docs. 7, 11, 12].  Plaintiff also requested an entry of default against Defendant for failure to file an answer to the complaint [Doc. 14].  Defendant thereafter submitted his answer, and the Application for Entry of Default was denied as moot. [Docs. 16, 17.]

On September 9, following a scheduling conference held on September 1, this Court entered a Pretrial Order [Doc. 23], requiring, among other things, that disclosures under Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(a)(1)(A) were due no later than Friday, September 30, the date proposed by the parties in their joint Rule 26(f) report [Doc. 19].  Defendant did not timely serve initial disclosures, resulting in a motion by Plaintiff for sanctions ("First Motion"). [Doc. 27.]  The First Motion specifically requested entry of default judgment or, in the alternative, an order compelling disclosure by Defendant and

extending Plaintiff's deadlines for amending the complaint and disclosing expert testimony. On the morning of December 22, before the hearing on the First Motion, Defendant provided the necessary disclosures. As a result, the Court denied Plaintiff's request for sanctions but granted Plaintiff's request to extend the deadline for Plaintiff's initial expert disclosure as well as the discovery deadline. [Doc. 34.] The Court also advised Defendant that further tardiness could result in sanctions. Because of the delay caused by Defendant, a status conference was set for January 26, 2017, during which the Court ordered the trial rescheduled for September 2017. [Doc. 40.]

By March 20, Defendant had not responded to Plaintiff's interrogatories and requests for production of documents that were due in early March. Following a pre-motion telephonic conference required by the Pretrial Order, Plaintiff once again moved for discovery sanctions against Defendant or, in the alternative, an order compelling discovery responses ("Second Motion"). [Doc. 46.] The Second Motion again sought to extend the deadline for Plaintiff to disclose expert testimony until at least 30 days from Plaintiff's receipt of Defendant's discovery responses. An expedited hearing was held on March 29, and the Court granted Plaintiff's motion to the extent it sought an order compelling discovery responses and extending deadlines.[1] Defendant was given five days from entry of the order to provide full and complete responses to the requests. [Doc. 51.] Plaintiff was also awarded attorneys' fees. [Docs. 51, 60.]

When Defendant failed to provide the requested information by the ordered deadline, Plaintiff filed the Third Motion, requesting an order striking Defendant's defenses and entering default judgement against him. [Doc. 55.] Defendant did not respond to the Third Motion, and the time for response has expired. *See* E.D. Tenn. LBR 7007-1(a).

---

[1] The Court declined to sanction Defendant because Defendant had not failed to comply with any court order, as is required under Rule 37(b)(2) before the Court may impose sanctions.

## II. ANALYSIS

Federal Rule of Civil Procedure 37(a)(1) and (3), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7037, permits a party to ask the court to compel the production of documents when an adverse party is uncooperative. If an order compelling a response is ignored, sanctions are authorized on motion of a party or *sua sponte* under Rule 37(b)(2), as well as Federal Rule of Civil Procedure 16(f)(1)(C), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 16(a). Available sanctions include: "(iii) striking pleadings in whole or in part; . . . (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A).

Courts consider several factors to determine whether default judgment is an appropriate sanction. These include: "(1) whether the party's failure to cooperate in discovery is due to willfulness; (2) whether the failure to cooperate in discovery caused the opposing party to be prejudiced; (3) whether the court warned the disobedient party that failure to cooperate could lead to dismissal and/or default judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Thornton v. United States*, No. 3:14-CV-127-TAV-CCS, 2015 WL 9692964, at *3 (E.D. Tenn. Nov. 25, 2015) (report and recommendation), *aff'd* 2015 WL 9647518 (E.D. Tenn. Dec. 16, 2015); *see also Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 366–67 (6th Cir. 1997) (delineating the four factors in greater detail). Notably, "bad faith or willfulness is the most important consideration." *Stooksbury v. Ross*, 3:09-CV-498, 2012 WL 262888, at *2 (E.D. Tenn. Jan 30, 2012) (citing *Ndabishuriye v. Albert Schweitzer Soc'y, USA, Inc.*, 136 F. App'x 795, 800 (6th Cir. 2005)).

4

In *Thornton*, the court granted default judgment for the defendant on its counter-claim because of the plaintiff's failure to answer discovery requests. It recognized that the "[p]laintiff [showed] no present or future intent to proceed in [the] case," despite multiple warnings that continued non-compliance could result in dismissal. *Thornton*, 2015 WL 9692964, at *4.

When a party to litigation is consistently uncooperative, bad faith may be inferred. According to the Sixth Circuit Court of Appeals, "repeated noncompliance with court-sanctioned discovery requests suggests willfulness, bad faith, or fault." *Allstate Ins. Co. v. Awan & Assocs. P.C.*, No. 11-11988, 2013 WL 1340142, at *5 (E.D. Mich. Apr. 3, 2013) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1079 (6th Cir. 1990)). Moreover, "if a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion." *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

Here, Defendant was given ample notice to rectify his most recent delinquency. Further, although Defendant served his Rule 26(a)(1) disclosures before the hearing on the First Motion, he was specifically warned by this Court that future violations could result in sanctions. Plaintiff's Second Motion – while premature because no order compelling discovery had been violated – as well as this Court's warning during the December 22 hearing put Defendant on notice of the potential consequences for future discovery violations.

Defendant's continued delinquencies, including failure to respond in any way to the Third Motion,[2] constitute sufficient grounds for the sanction requested by Plaintiff. Plaintiff unquestionably has been prejudiced by Defendant's delays and is unable to prosecute the case in the face of Defendant's refusal to engage in discovery. Given Defendant's dilatory behavior and

---

[2] Local Rule 7007-1(a) provides that "failure to respond timely to a motion will be construed to mean that the respondent does not oppose the relief requested by the motion."

5

lack of response, the Court finds that less drastic sanctions would be futile and that entry of default judgment under Rule 37(b)(2)(A)(vi) is appropriate.

### III. CONCLUSION

Because the Court finds that Defendant's willful and repeated refusal to engage timely in discovery, including violation of this Court's March 29 Order, impermissibly frustrates this proceeding, the Court agrees with Plaintiff that entry of default judgment against Defendant is an appropriate sanction, especially in the face of Defendant's failure to oppose the requested sanction.

An order consistent with this Memorandum will be entered.

FILED:  June 19, 2017

>BY THE COURT
>
>*/s/ Suzanne H. Bauknight*
>
>SUZANNE H. BAUKNIGHT
>UNITED STATES BANKRUPTCY JUDGE